# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0890V

|  |  |
|---|---|
| LEE ANN CAREY,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: July 16, 2025 |

*Sara J. Watkins*, Robert, Peirce & Associates, P.C., Pittsburgh, PA, for Petitioner.

*Alexa Roggenkamp*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 11, 2022, Lee Ann Carey filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration after receiving a pneumococcal conjugate vaccine on September 22, 2020. Petition, ECF No. 1. On July 2, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 29.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $12,111.58 (representing $11,156.00 in fees plus $955.58 in costs). Application for Attorneys' Fees and Costs ("Motion") filed January 10, 2025. ECF No. 34. Furthermore, Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 34-4.

Respondent reacted to the motion on January 10, 2025, reporting that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 35. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

A.  *Attorney Hourly Rates*

The hourly rates requested for Zachary Carls, supporting paralegals, and law clerks for all work performed in this matter through the end of 2024 are reasonable and shall be adopted. Petitioner has also requested that I apply the following hourly rates for work performed by attorney Sara J. Watkins: $366.00 for 2022; $386.00 for 2023; and $407.00 for 2024. However, I find these proposed rates to be excessive and thus require further evaluation and adjustment.

Ms. Watkins represents that she was admitted to the Pennsylvania bar in 2018 and admitted to this Court in 2021 (ECF No. 34 at 4), placing her in the OSM Fees Schedule ranges of attorneys with 4 – 7 years of experience for work performed in the 2022-24 timeframe.[3] I incorporate by reference all of the explanatory notes contained in these rate schedules. As such, Ms. Watkins is eligible for hourly rates between $275.00 - $366.00 for work performed in 2022; $289.00 - $386.00 for work performed in 2023; and $305.00 - $407.00 for work performed in year 2024.

Ms. Watkins' proposed rates fall within the Fee Schedule ranges applicable to her overall experience (albeit on the higher end of the range). But specific experience with Program cases is highly relevant to what hourly rates an attorney should receive. *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Because this appears to be Ms. Watkins's first Program case to reach the fees stage, and she was fairly recently admitted to this Court (in June 2021), it would be improper for her to receive hourly rates on the highest end of the ranges, when those rates are reserved for comparably-experienced counsel who *also* have lengthy experience representing Petitioners in the Program. Accordingly, based on my

---

[3] The Vaccine Program's Attorney's Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claim's website: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

experience applying the factors relevant to determining proper hourly rates for Program attorneys, I find it reasonable to award Ms. Watkins the rates of $285.00 for work performed in 2022; $295.00 for work performed in 2023; and $320.00 for work performed in 2024. These hourly rates take into account Ms. Watkins limited Vaccine Act experience, and places her in the appropriate experience range based on the OSM Fees Schedules.[4] **Application of the foregoing reduces the amount of fees to be awarded herein by $911.20.**[5] Ms. Watkins will be eligible for higher rates in the future, however, as she demonstrates more experience representing Petitioners in the Program.

### B. *Administrative and Secretarial Tasks*

The billing records reveal several entries billed on tasks considered administrative in nature, including filing documents via CM/ECF; receiving and processing invoices.[6] However, billing at *any professional rate* for clerical and other administrative work is not permitted in the Vaccine Program. See *Rochester* v. *U.S*., 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). Attorneys may not separately charge for clerical or secretarial work because such work is reflective of office overhead for which the hourly rate accounts. See *Bennett* v. *Dep't of Navy*, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983). See also *Floyd* v. *Sec'y of Health & Human Servs*., No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); (stating that secretarial tasks include "scheduling status conferences, organizing exhibits, preparing compact discs, revising a short motion after an attorney's review, and filing documents through the CM/ECF system"); *Kerridge* v. *Sec'y of Health & Human Servs*., No. 15-852V, 2017 WL 4020523, at *6 (Fed. Cl. Spec. Mstr. July 28, 2017) (noting that billing for "administrative tasks" ... are not compensated in the Vaccine Program); *Silver* v. *Sec'y of*

---

[4] *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] This amount consists of Ms. Watkin's hourly rate reductions and is calculated as follows: ($366.00 - $285.00 = $81.00 x 2.00 hours of work performed in year 2022) + ($386.00 - $295.00 = $91.00 x 4.60 hours of work performed in year 2023) + ($407.00 - $320.00 = $87.00 x 3.80 hours of work performed in year 2024) = $911.20 in total fees to be reduced herein.

[6] The billing entries considered administrative in nature are dated as follows: 9/28/21: blank billing entry – no description of work provided; 9/29/21: "updated workflow, added notes, updated status, uploaded CVS pictures." 12/9/21: "received invoice from PCP-gave to KG to pay." 4/8/22: "rcd invoice Dr. Charlton-gave to KG." 6/28/23; 7/6/23; 7/18/23: "Received certification-Dr. Charlton." 7/18/24: "Filed Joint Notice not to Seek Review." 8/30/24: "Processed client's settlement check, generated overnight label, sent via overnight mail…" These billing entries reflect a cumulative total of $301.30 in fees claimed for non-compensable tasks. ECF No. 34-2.

*Health & Human Servs*., No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks.").

Accordingly, time incurred for such tasks will not be reimbursed. **Application of the foregoing reduces the amount of fees to be awarded by $301.30.**

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 34-3. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $10,899.08 (representing $9,943.50 in fees plus $955.58 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.